IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:19-CV-202-FL

| | |
|---|---|
| COREY EMANUEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANDREW SAUL, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 22, 24). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 33), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

On August 25, 2014, plaintiff protectively filed an application for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning June 25, 2014. The application was denied initially and upon reconsideration. A hearing was held on October 20, 2016, before an administrative law judge ("ALJ") who determined that plaintiff was

not disabled in decision dated December 30, 2016. Plaintiff appealed the ALJ's decision to the appeals council. On March 9, 2017, the appeals council denied plaintiff's request for review, making defendant's decision final with respect to plaintiff's claims.

Plaintiff commenced a prior action in this court on May 12, 2017, seeking judicial review of defendant's decision. At hearing held July 26, 2018, the court granted by oral order plaintiff's motion for judgment on the pleadings and remanded the case to the ALJ.

On remand, a second hearing was held on April 9, 2019, before ALJ who determined that plaintiff was not disabled by decision dated June 12, 2019. Plaintiff commenced the instant action in October 10, 2019, once again seeking judicial review of defendant's decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found

2

credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "'include a narrative discussion describing how the evidence supports each conclusion,'" Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quotation omitted).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the

claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since June 25, 2014. (Transcript of the Record ("Tr.") 911). At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease; depression/major depressive disorder/mood disorder; anxiety; cannabis use disorder; status post broken left foot with residuals. (Tr. 911). However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations. (Tr. 912-16); see 20 C.F.R. § 404, Subpt. P, App. 1.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, subject to the following limitations:

> He is limited to sedentary range standing and/or walking, i.e., no more than 2 hours over the course of a typical 8-hour workday; occasional use of the left lower extremity for pushing, pulling, and/or operating foot controls; occasional climbing ramps and stairs, but no climbing of ladders, ropes or scaffolds. He is limited to occasional balancing, stooping, kneeling, and/or crouching, but no crawling. He must avoid all exposure to workplace hazards, such as dangerous moving machinery and unprotected heights. He is able to understand and perform simple, routine, repetitive, tasks, and maintain concentration, persistence, and pace to stay on task for periods of 2 hours at a time over the course of a typical 8-hour workday, in a low-stress work setting, which is further defined to mean no production-pace or quota-based work; rather, he requires a goal-oriented job primarily dealing with things rather than people, with no more than occasional social interaction with supervisors, co-workers, and/or the public. The claimant requires the flexibility of a sit/stand option, which would allow him to changes [sic] positions as needed/at

4

> will while he remains on task and within the other parameters of his residual functional capacity, as noted herein.

(Tr. 916 (footnote omitted)). At step four, the ALJ concluded plaintiff is unable to perform any past relevant work. (Tr. 925-26). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 926). Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act. (Tr. 927).

B. Analysis

Plaintiff argues that reversal or remand is required because the ALJ failed to include the requirement of an assistive device in his RFC finding. The magistrate judge thoroughly and cogently addressed this argument in the M&R, determining that plaintiff had not met his burden of showing that an assistive device was medically required. Upon de novo review, the court adopts the analysis of the M&R. The court writes separately to augment the analysis in the M&R and to modify it in one respect as set forth herein.

Social Security Ruling 96–9p requires, inter alia, consideration of the impact of "medically-required hand-held assistive devices" on a claimant's residual functional capacity. See SSR 96–9p, 1996 WL 374185, at *7 (July 2, 1996). However, "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." Id.

Although the United States Court of Appeals for the Fourth Circuit has not addressed the issue, other courts have found that where the record does not indicate that a hand-held assistive device is medically required, the ALJ is not required to consider its use in determining the claimant's residual functional capacity. See, e.g., Tripp v. Astrue, 489 F. App'x 951, 955 (7th Cir.

2012); Martinez v. Astrue, 316 F. App'x 819, 826 (10th Cir. 2009); Howze v. Barnhart, 53 F. App'x 218, 222 (3d Cir. 2002).

Here, as noted by plaintiff and recognized in the M&R, the ALJ erred in stating that "the record shows 2 or 3 references to [plaintiff] using a walking stick." (Tr. 918). The record instead reveals over a dozen times that plaintiff was recorded using a cane or walking stick. (See Tr. 470, 473, 476, 919, 12491252, 1255-56, 1265, 1268, 1274, 1285, 1433, 1438, 1441, 1444, 1447, 1453, 1508, 1511, 1515, 1519, 1522, 1525, 1528, 1681).

However, while there are more instances of plaintiff's use of a cane or walking than the ALJ recognized, "these mentions are traceable to his self-reports and to physicians' observations that he presented with an assistive device." Tripp, 489 F. App'x at 955 (emphasis added); see Jones v. Comm'r of Soc. Sec., 815 F. App'x 926, 931 (6th Cir. 2020) (explaining that medical necessity had not been shown where care-provider "merely noted that [plaintiff] was using a cane, she did not determine that a cane was medically necessary or suggest [plaintiff] use one to meet his treatment goals"). Such does not establish the medical necessity of the assistive device. See, e.g., Tripp, 489 F. App'x at 955; Staples v. Astrue, 329 F. App'x 189, 192 (10th Cir. 2009) (explaining that plaintiff "needs to present medical documentation establishing the need for the device"). Plaintiff has not cited to any medical documentation in the record showing the cane was medically required in this instance.

Therefore, the ALJ's error regarding the number of times the record reflected plaintiff used a cane was harmless,[1] in that it did not vitiate the otherwise accurate and logical bridge from the evidence to his conclusion regarding plaintiff's residual functional capacity.

---

[1] The Fourth Circuit has recognized, in unpublished decisions, the applicability of the harmless error doctrine to administrative decisions by the Commissioner of Social Security. See, e.g., Parker v. Berryhill, 733 F. App'x 684, 685 (4th Cir. 2018) (explaining that plaintiff's "alleged errors are harmless" (citing Ngarurih v. Ashcroft, 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("While the general rule is that an administrative order cannot be upheld unless the

6

Plaintiff suggests nonetheless that the court may not rely upon a rationale not included in the ALJ's decision. However, whether factual findings by the Commissioner "constitute substantial evidence to support the decision of the [Commissioner] (denying disability benefits) must be determined from a considered analysis of the whole record." Hanes v. Celebrezze, 337 F.2d 209, 214 (4th Cir. 1964). Here, reading the ALJ's decision as a whole, the ALJ built the requisite, accurate and logical bridge from the evidence in the record to his finding as to plaintiff's residual functional capacity. The ALJ explained in his decision that "[t]he medical evidence of record does not establish that the claimant is unable to ambulate effectively." (Tr. 912-913 (noting that "inability to walk without the use of a walker, two crutches, or two canes" indicates "ineffective ambulation")). Further, the ALJ found that "[c]linical notes of the claimant's providers show numerous references to the claimant's normal gait and station throughout the relevant period," and that the "weight of the evidence show[ed] normal strength in the lower extremities and normal gait and station." (Tr. 913, 914).[2] The ALJ further cogently considered the effect of plaintiff's alleged spinal injuries and conditions, factoring them into his conclusion on plaintiff's residual functional capacity. (Tr. 913-194, 918-925).

In sum, substantial evidence in the record was relied upon by the ALJ in making an accurate and logical bridge to his final conclusion on plaintiff's residual functional capacity as impacted by

---

grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained, reversal is not required where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached."))); Morgan v. Barnhart, 142 F. App'x 716, 723 (4th Cir. 2005) (same).

[2] The court departs from and modifies the M&R's determination in one respect. The M&R includes the statement that "although the record shows that Claimant used a cane more than two or three times, the record also supports the ALJ's finding that 'most of the treatment notes indicate he was walking unassisted with normal gait and station.'" (M&R (DE 33) at 8 (citing (R. 918)). While most of the treatment notes do confirm plaintiff's normal gait and station, some of these same notes also observed that plaintiff used a cane to ambulate. (See, e.g., Tr. 469-470, 472-473, 475-476). Therefore, the court does not adopt this statement from the M&R. Instead, the court relies upon those portions of the ALJ's decision quoted above in the text.

plaintiff's well-considered impairments. Therefore, the court must affirm the decision of the Commissioner.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R, with one modification as set forth herein. Upon de novo review of the record, plaintiff's motion for judgment on the pleadings (DE 29) is DENIED, and defendant's motion for judgment on the pleadings (DE 31) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 31st day of March, 2021.

LOUISE W. FLANAGAN
United States District Judge